**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: January 29 2010

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-36541 |
| | ) | |
| Steven M. Adams and | ) | Chapter 7 |
| Andrea S. Adams, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF OPINION AND ORDER

This case is before the court on the Chapter 7 Trustee's Objection to Exemption ("Objection") [Doc. # 14] and Debtor's response [Doc. # 20]. The court held a hearing on the Objection at which the Trustee appeared in person and Debtor's counsel appeared by telephone. The Trustee objects to exemptions claimed by Debtor Andrea Adams in income tax refunds that the Debtors anticipate receiving for tax year 2009. The Objection presents the issue whether a non-income producing debtor has a property interest in a tax refund resulting from jointly filing an income tax return with her spouse as would entitle her to an exemption in that refund. For the reasons that follow, the court will sustain Trustee's Objection.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. A proceeding regarding exemptions from property of the estate is a core proceeding that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(B).

The facts are simple and undisputed. Debtors filed a joint petition for relief under Chapter 7 of the

Bankruptcy Code on September 22, 2009. Personal property listed on their bankruptcy Schedule B includes a 2009 income tax refund in an unknown amount. On Schedule C, both Debtors claim exemptions in the tax refund under Ohio Revised Code § 2329.66(A)(3), (9)(g), and (18). Although they filed a joint petition as authorized by the Bankruptcy Code, 11 U.S.C. § 302, their estates have not been consolidated. *See In re Toland,* 346 B.R. 444, 449 (Bankr. N.D. Ohio 2006). Debtors, as husband and wife, intend to file joint federal and state income tax returns for 2009. Only Steven Adams earned any income during 2009. Andrea Adams was unemployed and did not generate any income.

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. Ohio exemption law applies to Debtors as they have been domiciled in this state for more than the 730 days preceding the date of the filing of their petition. *See* 11 U.S.C. § 522(b)(3)(A); Doc. # 1, p. 27, SOFA question 15.

In this case, Debtor Andrea Adams ("Debtor") claims exemptions under Ohio Revised Code § 2329.66(A)(3), (9)(g) and (18) in any 2009 income tax refund that Debtors may receive. Under Ohio law, a person may exempt "[t]he person's interest, not to exceed four hundred dollars, in . . . tax refunds," Ohio Rev. Code § 2329.66(A)(3), "the person's interest in . . . [p]ayments under section 24 or 32 of the 'Internal Revenue Code of 1986,'" Ohio Rev. Code § 2329.66(A)(9)(g) (referring to the child tax credit and earned income credit), as well as "the person's interest in any property not to exceed one thousand seventy-five dollars," Ohio Rev. Code § 2329.66(A)(18). In each instance, the Ohio exemption statute only provides for an exemption of "the person's interest" in property.

In this case, Debtor argues that because she intends to file a joint income tax return with her husband, any refund received is a joint refund in which both she and her husband have an exemptible interest. Whether a person has an interest in property is determined by applicable nonbankrutpcy law, which, in this case, is Ohio law. *See Butner v. United States*, 440 U.S. 48, 54-55 (1979). Ohio law, therefore, not federal tax law, determines a non-income producing spouse's property interest in an income tax refund.

Under Ohio law, subject to certain exceptions not applicable in this case, neither spouse "has any interest in the property of the other." Ohio Rev. Code § 3103.04; *see In re Toland,* 346 B.R. 444, 448 (Bankr. N.D. Ohio 2006)(court finds no basis to read the term "interest" in § 3103.04 as other than

2

complementary to the term "interest" in § 2329.66). Thus, where an overpayment of a tax obligation results in a tax refund that derives solely from one debtor's income, courts applying Ohio law have found that the debtor's spouse has no property interest in the refund and is not entitled to an exemption. *In re Taylor*, 22 B.R. 888, 890-91 (Bankr. N.D. Ohio 1982); *In re Smith*, 77 B.R. 633, 635 (Bankr. N.D. Ohio 1987); *In re McEachern*, No. 04-23263, 2005 WL 2792369, *2, 2005 Bankr. LEXIS 2140, *4-5 (Bankr. N.D. Ohio Sept. 6, 2005); *see In re Smith*, 310 B.R. 320, 323-24 (Bankr. N.D. Ohio 2004). Courts have so found notwithstanding the fact that a joint return was filed and the refund check is made jointly payable to both the husband and wife. *In re Taylor*, 22 B.R. at 891; *see In re Smith*, 310 B.R. at 323 ("The fact that the checks name both Debtors as payees, and thus are not transferable without the working spouse's signature, does not alter the underlying property rights in any of the proceeds."); *United States v. Macphail*, 149 Fed. Appx. 449 (6th Cir. 2005) (finding in a non-bankruptcy context that "a joint income tax return does not create new property interests for the husband or the wife in each other's income tax overpayment"); *McClelland v. Massinga*, 786 F.2d 1205, 1210 (4th Cir. 1986) (same); *cf. In re Garbett*, 410 B.R. 280 (Bankr. E.D. Tenn. 2009) (finding that both spouses had an exemptible interest in a federal income tax refund where the trustee failed to rebut the presumption under Tennessee law that personal property acquired after marriage is held by both spouses as tenants by the entireties).

In *In re Taylor*, the court explained:

[T]he mere signing of a joint husband and wife tax return by the spouse with no income. . . for the purpose of taking advantage of perceived tax advantages, (does not thereby effect a) metamorphosis . . . converting the nature of the funds into the property of the other party.

Although joint federal tax filings are authorized by 26 U.S.C. Section 6013(a) of the Internal Revenue Code, 26 U.S.C. Section 6013(a) does not affect the ownership of property rights in the federal refund check proceeds. A basic purpose of 26 U.S.C. Section 6013(a) is to equalize the tax burden of married couples in common law and community property states. 26 U.S.C. Section 6013(a) does not propose, nor does it imply, that any property rights in the proceeds are altered by a joint federal income tax filing. . . . Similarly, O.R.C. Section 5711.-14, which permits the filing of joint Ohio tax returns, does not, by its own terms, alter property rights in any joint refunds, and this Court perceives no ground for so implying.

*In re Taylor*, 22 B.R. at 890.

In this case, Debtors apparently anticipate receiving a tax refund consisting not only of the overpayment of a tax obligation, as was the situation in the cases cited above, but also of the additional child tax credit and earned income credit. Nevertheless, applying the reasoning set forth above to this case, any income tax refund to be received by Debtors will be derived solely from the income of Steven Adams such that Debtor has no property interest in the refund under Ohio law. To the extent the refund represents

3

an overpayment of his tax obligation, it is a refund of Steven Adam's wages, which are solely his property. To the extent the refund consists of the additional child tax credit or earned income credit, the credits are only available to, and are calculated based on, a taxpayer's income. *See* 26 U.S.C. §§ 24(d) & 32(a)(1). The refund anticipated by Debtors will, therefore, be entirely derived from the income of Steven Adams only. Consequently, Debtor is not entitled to an exemption in the tax refund.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Chapter 7 Trustee's Objection to Exemption [Doc. # 14] be, and hereby is, **SUSTAINED.**